## Ruf v. Wittenberg

*White, Williams & Scott* and *Richter, Lord & Levy*, for plaintiff.

*J. B. Hannum*, for defendant.

*Edward Greeh*, for additional defendant.

FLOOD, J., November 20, 1957.—This action, arising out of an automobile collision, was brought by John Ruf, driver of one of the cars, and his wife and daughter, passengers in the car, against Betsy Wit-

tenberg, driver of the other car, and Phineas Wittenberg. By stipulation the case of John Ruf was severed, and he was joined as additional defendant in the suit of his wife and daughter. While Phineas Wittenberg filed an answer denying that Betsy was his servant, Betsy filed against John Ruf a complaint which seeks to hold him liable solely, jointly with her, or liable over to her for any damages to plaintiffs. John Ruf, in answer to this complaint, set forth a release running to him from Betsy and Phineas Wittenberg. Betsy's reply admitted the execution of the release and John Ruf thereupon filed this motion for judgment on the pleadings.

The release, signed, sealed and sworn to by Betsy and Phineas Wittenberg on a printed form recites the payment to them of $6,500 by John Ruf and goes on to say: "we . . . release and discharge the said *John F. Ruf* and any and all other persons and entities (whether herein named or not) who may be jointly or severally liable in tort for all known or unknown personal injuries . . . in any way growing out of or resulting from an accident which occurred on or about the *25th* day of *July, 1954*, at or near *Limekiln Pike below Greenwood, Wyncote, Pennsylvania.*" There follows a warranty that "we have not . . . released . . . any person . . . from, any claim or liability for any injuries . . . arising from said accident, and we agree to hold harmless and indemnify the said *John F. Ruf* from any loss, claim, liability, cost or expense growing out of any claim against them or either of them for contribution by any alleged joint tortfeasor under any applicable Contribution Among Tortfeasors Act".

At the bottom of the form, evidently indicating its purpose, appears the following printed legend: "(Person and Property) (Individual or Spouses) (All Joint

Tortfeasors)." This indicates to us that the form was intended for use by an individual plaintiff or by husband and wife plaintiffs in releasing all joint tortfeasors against whom they have a claim. All the words not in italic in the preceding paragraph are part of the printed form. In the nature of this case there could not be a release of all joint tortfeasors, if they included Betsy, by the act of Betsy herself. She could not release herself. Therefore, this form was used for a purpose for which it was not intended, and out of this has come inevitable ambiguity.

Ruf relies upon Killian v.. Catanese, 375 Pa. 593 (1954). In that case, however, there was a general release of "all causes of action . . . whatsoever . . . especially the liability arising out of" the accident. The court held that this broad language included any liability for contribution which the person giving the release might seek to impose by reason of a third person's claim against him.

We have no such broad language here. Here the release covers only this accident and runs not only to Ruf but to all persons who may be jointly or severally liable as a result of the accident. We cannot construe this to include the Wittenbergs as joint tortfeasors because they cannot release themselves from liability to other persons. The form is evidently intended to cover the requirement of the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, which provides in section 2, 12 PS §2083, that a joint tortfeasor who enters into a settlement with the injured person is not entitled to contribution from another joint tortfeasor whose liability to the injured person is not extinguished by the settlement. As a result of this a settling defendant who wants contribution from his fellow tortfeasors must see that they are all released from liability by plaintiff in the settlement. If there had been a third car involved here,

this form would have been appropriate when Ruf settled with the Wittenbergs to enable him to recover contribution from the driver of the third car. This situation did not exist and the form is inappropriate to the situation that did exist.

Ruf's argument is that he is released from liability for contribution in connection with any verdict obtained by his wife or daughter against the Wittenbergs because of the language (1) "we . . . release . . . Ruf", and (2) "we agree to hold harmless and i n d e m n i f y . . . Ruf from any . . . claim . . . against (him) for contribution by any alleged joint tortfeasor under any applicable Contribution Among Tortfeasors Act".

It is to be noted that the first phrase does not indicate what John Ruf is released from except for "personal injuries . . . growing out of" the accident for which he may be liable. It would seem more natural to conclude that this meant personal injuries to the signers of the release than personal injuries inflicted upon third parties by such signers.

The second phrase is not a release but an agreement for indemnity. It would be ridiculous for the Wittenbergs to indemnify Ruf for money he might have to pay to them. The thing to do would be to release him from the obligation to pay such money. But there is no language of release, only language of indemnity.

Certainly the document does not in terms clearly release Ruf from liability to contribute to the Wittenbergs for any amount they may have to pay to Ruf's wife and daughter as a result of this accident. It does release or indemnify him against liability to pay any amount in contribution to any third party held liable to the Wittenbergs. The fact that there is no such third person merely means that an inappropriate printed form of release was used.

676

Certainly this ambiguous document should not be held as a matter of law to include within its scope a release from contribution, which the Wittenbergs perhaps never intended, and which might possibly also release their insurance carrier from its obligation to pay the damages assessed against them, at least to the extent of Ruf's one-half share.

The motion for judgment on the pleadings is overruled.